UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RUTH ANN BURKHOLDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:05-CV-00128 |
| ) | |
| **UNKNOWN SOURCES,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Plaintiff Ruth Ann Burkholder, who is *pro se*, filed a Motion for Filing Under Seal requesting that the Court seal all of the documents filed pursuant to this case, as well as the actual existence of the case. (Docket # 7.) For the reasons set forth herein, Plaintiff's motion will be DENIED.

In the United States, judicial proceedings are open to the public – in civil cases by force of tradition, and in criminal cases by constitutional command. *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). The public pays for the courts and, therefore, has a vested interest in what takes place at all steps of a judicial proceeding. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) (noting that "even disputes about claims of national security are litigated in the open"). Requests to seal proceedings arising from a party's desire for seclusion have been uniformly rejected. *Union Oil,* 220 F.3d at 568 (stating that "[w]hen [parties] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials."). The Court may seal a record in whole or in part only upon a showing of good cause. *Cincinnati Insurance*, 178 F.3d at 946. "Establishing good

cause requires a party to present a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Bank One Sec. Litig., First Chicago S'holder Claims*, 222 F.R.D. 582, 586 (N.D. Ill. 2004) (quoting *Gulf Oil Co v. Bernard*, 452 U.S. 89, 102 (1981); *see generally Krynicki*, 983 F.2d at 75 (emphasizing that "[a]ny step that withdraws an element of the judicial process from public view . . . requires rigorous justification."). If the Court finds good cause exists, then it must determine specifically what portions of the record "contain material that ought, upon a neutral balancing of the relevant interests, be kept out of the public record." *Cincinnati Insurance*, 178 F.3d at 946 (expressing no objection to an order that keeps trade secrets from the public record once the Court is satisfied that the parties know what a trade secret is and that they are acting in good faith in determining which parts of the record constitute trade secrets).

Here, the motion submitted by Plaintiff provides no basis for finding good cause, as Plaintiff merely alludes vaguely and conclusorily to "undisclosed details of who the parties are that are involved in the stalking" and "that they have access to all court procedures" as her reasons for the request. (Mot. for Filing Under Seal.) These reasons lack specificity and are grossly inadequate. Indeed, if the Court were to grant Plaintiff's motion, Plaintiff would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944. The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid). Furthermore, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* at

946.  Here, the proposed order contains no such language.

For the reasons described herein, the Court hereby DENIES Plaintiff's Motion for Filing Under Seal. (Docket # 7.)  SO ORDERED.

Enter for this 15th day of April, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge