**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| RUTH ANN BURKHOLDER,                )                                                       | |
|                                                        )                                                       | |
|          Plaintiff,         )                                                       | |
|                                                        )                                                       | |
|       v.                             )                                                       | CAUSE NO. 1:05-CV-128-TLS |
|                                                        )                                                       | |
| UNKNOWN SOURCES, *et al.*,        )                                                       | |
|                                                        )                                                       | |
|          Defendants.    )                                                       | |

**OPINION AND ORDER**

Ruth Burkholder submitted a civil complaint and seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court must *sua sponte* dismiss a case filed *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim may be dismissed for failure to state a claim upon which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d. 1025 (7th Cir. 2000).

The plaintiff asserts that "this complaint stems from an unresolved discrimination problem" by unidentified persons. (Complaint at p. 1). She specifically asserts that "the initial acts were fair housing violations . . . after [she] filed a complaint with the Housing and Urban Development

(HUD) in 1993." (Complaint at p. 1). She also alleges that "the State of Indiana printed false statements against me in 1996." (Complaint at p. 1). This is not the first complaint Ms. Burkholder has filed in this court arising from the denial of a discrimination complaint she filed with HUD; she presented similar claims in *Burkholder v. The Dep't of Housing and Urban Dev.*, 3:02cv470 RM.

To the extent the Plaintiff wishes to sue the State of Indiana for printing false statements, her claim runs afoul of the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995).

The plaintiff does not state who she wishes to sue for her fair housing act violations. In any event, fair housing claims from 1993, are barred by the statute of limitations. Pursuant to 42 U.S.C. 42 U.S.C. § 3613(1)(a), private persons have two years within which to file a civil action arising from fair housing claims. The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The Plaintiff suggests that she has had continuing problems since 1993, but she does not state what these problems are, who has caused them, and when they occurred. Even giving the plaintiff the benefit of the inferences to which she is entitled at the pleadings stage, the Court can discern nothing in these general allegations that could state a timely non-frivolous valid claim upon which relief can be granted.

For the foregoing reasons, the Court DENIES the Plaintiff's motion to proceed *in forma pauperis* [DE 1], and DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

SO ORDERED on November 8, 2005

    /s/  Theresa Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT